

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Robert J. Allen
County Attorney
Lubbock County
Lubbock, Texas

Dear Sir:

Opinion No. O-2129
Re: Article 1052, C. C. P. - Justices
of the Peace.

Your request for opinion has been received and carefully considered by this department. We quote from your letter of request as follows:

"I have a question relative to the distribution and payment of fees due a Justice of the Peace.

"Lubbock County is on an officers salary basis except Justice of the Peace and Constable. In 1937, the Justice of the Peace failed to collect the maximum fee allowed him, but listed delinquent fees on criminal cases on which he had granted deferred payments to bring the total up to his maximum. In 1938, the same Justice of the Peace collected the fees due on the delinquent cases listed in 1937, and, in addition to that, earned and collected enough fees in 1938 to reach his maximum for that year. The question is whether or not he could apply the fees collected on cases which were listed as delinquent in 1937 to bring his 1937 allowance up to the maximum?

"Article 1052, C.C.P. provides, '....$2.50 shall be paid by the county to the Justice of the Peace, for each criminal action tried and FINALLY DISPOSED OF BEFORE HIM...' The words of this statute seem very clear that before a Justice of the Peace is entitled to $2.50 from the county, the case must be finally disposed of before him.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Robert J. Allen, Page 2

"Article 3892, R.C.S., provides that any officer who does not collect the maximum amount of his fees for any fiscal year and reports delinquent fees for that year shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized for the year in which delinquent fees were charged, and also retain the amount of excess fees authorized by law.

"In your opinion O-1868, dated February 23, 1940, you state, 'Where a defendant pleads guilty in a justice court but does not pay the fine, and a year later a newly elected justice issues commitment and the defendant is placed in jail and lays out his fine and costs, the justice of the peace who took the plea of guilty would be entitled to the trial fee.' Now, this statement seems to be contrary to Article 1052 because under 1052 C.C.P., the Justice of the Peace would not be entitled to any payment by the county unless the case was finally disposed of before him.

"I have advised the Lubbock County Auditor that the $2.50 fee to be paid the Justice of the Peace was not due him unless the case was finally disposed of before him, and a case which was tried in 1937, but not finally disposed of until 1938 would be earned as of 1938, and should not be listed as a delinquent fee due for 1937.

"With the above statutes in mind, would you kindly give me your opinion as to the answer to the question set out in the first part of this letter?"

In your letter you state that the Justice of the Peace granted "deferred payments" on criminal cases and listed them as delinquent fees. We wish to call your attention to Article 698 of the Code of Criminal Procedure of Texas, which applies to "deferred judgments", which reads as follows:

"On each verdict of acquittal or conviction,

Hon. Robert J. Allen, Page 3

the proper judgment shall be entered immediately. If acquitted the defendant shall be at once discharged from all further liability upon the charge for which he was tried; provided that, in misdemeanor cases where there is returned a verdict, or a plea of guilty is entered and the punishment assessed is by fine only, the Court may, on written request of the defendant and for good cause shown, defer judgment until some other day fixed by order of the Court; but in no event shall the judgment be deferred for a longer period of time than six (6) months. On expiration of the time fixed by the order of the Court, the Court or Judge thereof, shall enter judgment on the verdict or plea and the same shall be executed as provided by Chapter 4, Title 9, of the Code of Criminal Procedure of the State of Texas. Provided further, that the Court or Judge thereof, in the exercise of sound discretion may permit the defendant where judgment is deferred, to remain at large on his own recognizance, or may require him to enter into bond in a sum at least double the amount of the assessed fine and costs, conditioned that the defendant and sureties, jointly and severally, will pay such fine and costs unless the defendant personally appears on the day set in the order and discharges the judgment in the manner provided by Chapter 4, Title 9 of the Code of Criminal Procedure of the State of Texas; and for the enforcement of any judgment entered, all writs, processes and remedies of the Code of Criminal Procedure are made applicable so far as necessary to carry out the provisions of this Article."

We think there is a clear distinction between the terms "deferred payments" and "deferred judgments."

Article 1052, Code of Criminal Procedure, reads as follows:

"Three Dollars shall be paid by the county to the County Judge, or Judge of the Court at Law, and Two Dollars and fifty cents shall be paid by the county to the Justice of the Peace, for each criminal action tried and finally disposed of before him. Provided, however, that in all counties have a population 20,000 or less, the Justice of the Peace shall

receive a trial fee of Three Dollars. Such judge or Justice shall present to the Commissioners' Court of his county at a regular term thereof, a written account specifying each criminal action in which he claims such fee, certified by such Judge or Justice to be correct, and filed with the County Clerk. The Commissioners' Court shall approve such account for such amount as they find to be correct, and order a draft to be issued upon the County Treasurer in favor of such Judge or Justice for the amount so approved. Provided the Commissioners' Court shall not pay any account or trial fees in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the County Attorney, on his assistant, Criminal District Attorney or his assistant, and the certificate of said Attorney is attached to said account certifying to the fact that said cause was tried, and the State of Texas was represented, and that in his judgment there was sufficient evidence in said cause to demand a trial of same."

Opinion No. O-616 of this department, holds that Article 1052, Code of Criminal Procedure of Texas, as amended, provides that the Justice of the Peace shall receive $2.50 in all counties having a population of more than 20,000 inhabitants for each criminal action tried and finally disposed of before him, such fees to be paid by the county when such claims are filed in compliance with Article 1052, Code of Criminal Procedure, and that it is immaterial whether the defendant who is convicted in such criminal action pays his fine and costs or works his fine and costs out on the county farm, public roads or other public works of the county, or satisfies such fine and costs by staying in jail a sufficient length of time to discharge his fine and costs.

Opinion No. O-1759 of this department holds that the justice of the peace's right to compensation does not depend upon the collection or enforcement of the judgment but rather instead on the rendition of his final judgment in the cause in so far as his jurisdiction is concerned and that therefore the county auditor cannot legally withhold the justice's fees on cases that are appealed to county court and pay such fees only upon final disposition of the cases

Hon. Robert J. Allen, Page 5

by the county court or by the court of criminal appeals.

We enclose herewith copies of opinions Nos. 0-616, 0-1759 and 0-1868, which deal with various questions similar to your question.

We do not here pass on the propriety or legality of the "deferring of payments" on valid judgments of conviction in misdemeanor cases by the Justice of the Peace or other officers.

In answer to your question you are respectfully advised that it is the opinion of this department that if the Justice of the Peace rendered a valid judgment of conviction which became final in 1937, insofar as his jurisdiction was concerned and he did not collect his trial fee for same in 1937 from the county, and reported same as a delinquent fee for that year, then he would be clearly entitled to collect same from the county, under the facts, in order to bring his 1937 allowance up to the maximum, regardless of whether or not the fine and costs were ever paid or the judgment satisfied by jail service of the defendant or by the defendant's working same out on the county farm or other public works.

If the "judgment of conviction" was deferred under Article 698, Code of Criminal Procedure, the justice would not be entitled to his trial fee until the "deferred judgment" was rendered, entered and became final in so far as the jurisdiction of the justice of the peace was concerned.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
         Wm. J. Fanning
             Assistant

WJF:AW

ENCLOSURE

APPROVED APR 1, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN